[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties to this action, Brian Ballard [Plaintiff] and Gloria Ballard [Defendant], were intermarried on November 26, 1980. There are two children issue of this marriage: Chillon Ballard, born January 24, 1979, and Ryan Ballard, born December 6, 1987.
The marriage was ordered dissolved on June 2, 1994. The case was presented as an uncontested matter at trial and the Court CT Page 10617 (Axelrod, J.) entered judgment in accordance with the parties' agreement, which was found to be fair and equitable.
The parties have filed the following post-judgment motions which are before the Court: Plaintiff's Motion to Modify Custody and Support; Defendant's Motion to Reopen Judgment to Modify Order of Support and Other Relief; and Defendant's Motion for Contempt.
The pertinent provisions of the judgment are: Joint custody of the children with primary residence with the Defendant Mother; support payments of $100.00 per week from the Plaintiff to the Defendant; equal share of $50.00 per week counseling costs for Chillon's counseling; $1.00 per year alimony to each party from the other; and equal share in the cost to the Defendant of the children's health insurance [which insurance is through Defendant's employer].
A deviation from the Child Support Guidelines was ordered based on the Plaintiff's failure to pay support during the pendency of the dissolution and the Defendant's assumption of a marital debt in the amount of approximately $12,000.00. Subsequent to the dissolution, the Plaintiff stopped paying support on or about July 18, 1994.
The Defendant stopped contributing to the counseling costs in response to this loss of income. The Plaintiff asserts that he stopped paying support when his oldest son Chillon moved in with him. The Defendant contends that Chillon did not move in with the Plaintiff until a later date; and that she and her extended family continue to provide for his support. Defendant also contends that she assumed the marital debt obligation in reliance on the support order of $100.00 a week.
Modification of Custody
The parties do not dispute that Chillon now resides with his father. Accordingly, the judgment is modified as to custody to reflect joint legal custody of both children with primary physical custody of Chillon with the Plaintiff. Ryan's primary physical custody will remain with the Defendant.
Counsel for the children concurred in the change of physical custody for her 15 year old client.
Contempt
CT Page 10618
The Court finds that Chillon did not change his place of primary residence until September of 1994. In any event, the Court finds that the Plaintiff has wilfully violated the Court order and finds an arrearage due the Defendant from the Plaintiff in the amount of $1,100.00. This arrearage is to be paid towards Chillon's counseling; so that Defendant's obligation to pay for counseling is relieved until the Plaintiff pays the full cost of 44 sessions from the date of this order.
Support
The decision by Chillon to reside primarily with his father, the Plaintiff, constitutes a substantial change in circumstances requiring a change in the support order. The Commission for Child Support Guidelines issued pursuant to C.G.S. § 46b-215a, et seq., in this split custody situation, would require the Defendant to pay support to the Plaintiff in the amount of $62.00 per week, based on the financial affidavits filed October 13, 1994.
In deciding this motion the Court will deviate from the Guidelines. In doing so the Court notes that the parties agreed to Guideline deviations at the time judgment was entered, and that deviation criteria continue to exist.
The Court finds that pursuant to § 46b-215a-3, deviation criteria (b)(1)(B), the Plaintiff has an earning capacity of not less than $400.00 per week net. Applying deviation criteria (b)(5), the Court finds that the Defendant has assumed a grossly disproportionate share of the martial debt, justifying a deviation in her favor. Criteria (b)(6)(A) concerning shared custody arrangements is applicable in Defendant's favor, as Chillon spends significant time with his mother and her family on a regular basis.
The Court modifies the Plaintiff's support obligation from $100.00 to $0; for such period of time as Chillon remains residing primarily with the Plaintiff. The Defendant will have no support obligation to the Plaintiff in accordance with the Guideline deviation criteria discussed above.
In the event that Chillon returns to primary residence with the Defendant, Plaintiff's support obligation will return to the higher of the amount of $100.00 per week or the Guideline figure. Upon Chillon's reaching the age of majority, or statutory post majority support, the Plaintiff's support obligation will resume in CT Page 10619 accordance with the Support Guidelines.
In all other respects, the judgment of June 2, 1994 will remain in effect.
Robert F. McWeeny, Judge